UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENVER J. ROMERO,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-8579-DAD-JDP

FINDINGS AND RECOMMENDATIONS

On December 24, 2021, a Border Patrol agent caught petitioner entering the United States without permission and took him into custody. Immigration authorities later released him into the United States. On September 21, 2026, ICE re-arrested petitioner after local police stopped his car. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241 for his release. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On December 24, 2021, petitioner entered the United States at the southern border and was encountered by a Border Patrol agent who took him into custody. ECF No. 5-1 at 10. Immigration authorities paroled petitioner and his accompanying family members into the United States with electronic monitoring. *Id.* ICE did not issue a charging document and instead instructed petitioner to report to the ICE office in the area where he intended to reside. *Id.* On

February 25, 2022, ICE served petitioner with a Notice to Appear in immigration court.[1] *Id.* at 4, 10.

On April 6, 2023, immigration authorities issued petitioner a social security number and an employment authorization card valid through 2030.[2] ECF No. 1 at 9, 11, 12. Petitioner has worked and paid taxes. *Id.* at 14-18. In February 2026, petitioner obtained a business license for his home services company. *Id.* at 26-28.

On September 21, 2026, a sheriff's deputy conducted a vehicle stop on petitioner's car and called ICE. *Id.* at 2. ICE responded and re-detained petitioner. *Id.* The Form I-213 states that the sheriff's deputy "elected to charge Romero with retain theft—value < $500" but provides no case number. *Id.* Respondent has provided no additional information about this charge. Other than the misdemeanor retail theft allegation, petitioner has been fined twice for speeding, once in September 2022 and once in December 2023. *Id.* at 3. Respondent reports no other criminal history. *Id.*

Petitioner alleges that he has been mandatorily detained without a bond hearing, which indicates that ICE detained him under 8 U.S.C. § 1225(b). *See* ECF No. 1 at 2, 6. Respondent claims that ICE detained petitioner under 8 U.S.C. § 1226(a), *see* ECF No. 5 at 1-2, but has not provided an arrest warrant for the September 2026 arrest, nor any notice of custody determination by ICE.

---

[1] The record also contains an immigration arrest warrant issued February 24, 2022, ECF No. 5-1 at 8, but ICE did not take petitioner into custody when he reported on February 25, 2022, and instead served him with the notice to appear in immigration court out of custody. *See* ECF No. 5-1 at 10.

[2] The issuance of these employment authorization documents is consistent with petitioner having filed an asylum application prior to April 2023. *See* 8 C.F.R. § 208.7. Given petitioner's valid employment authorization, I do not credit the statement in the 2026 ICE Form I-213, *see* ECF No. 5-1 at 3, that petitioner has no pending applications. *See also Gabriel v. Mullin*, No. 1:26-cv-7910-TLN-JDP, 2026 WL 3334224 at *1 n.1 (E.D. Cal. Nov. 4, 2026) (noting that the Form I-213 incorrectly states that the petitioner has no applications pending); *Palmer v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-6738-DC-SCR, 2026 WL 3120964, at *2 n.2 (E.D. Cal. Oct. 19, 2026) (noting significant error in the Form I-213); *Oliviera Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting troubling error in the Form I-213).

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention by ICE without a pre-deprivation hearing violates due process.[3] ECF No. 1 at 6. Respondent opposes the petition on the ground that petitioner is detained under section 1226(a) and thus need only request a bond hearing and meet regulatory requirements to obtain one in immigration court. ECF No. 5 at 3. Respondent does not address the due process claim except to state that section 1226(a)'s "procedures are constitutionally sufficient, though not all as-applied challenges are foreclosed." *Id.* at 3.

I first determine the statutory basis for petitioner's detention. Petitioner alleges that he has been mandatorily detained "without bond and violation of due process right to hearing on bond request." *See* ECF No. 1 at 2. Petitioner also cites *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025) as the reason that he has not received a bond hearing, nor appealed the lack of bond hearing.[4] *Id.* Petitioner's allegation that he has been mandatorily detained supports a

---

[3] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[4] In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. at 228-29.

finding that ICE detained him under 8 U.S.C. § 1225(b).

Respondent does not respond to petitioner's allegations directly but instead argues that ICE detained petitioner under 8 U.S.C. § 1226(a), *see* ECF No. 5 at 1-2, and that petitioner may obtain a bond hearing at his request if he "meet[s] the requirements under the relevant regulations." *See id.* at 3. However, respondent has not provided an arrest warrant for the September 2026 re-detention, as required by 8 U.S.C. § 1226(a), and the record indicates that no custody determination was conducted by ICE and memorialized on a DHS Form I-286 as required.[5] I ordered respondent to provide the "true cause of the detention" as required by 28 U.S.C. § 2243. ECF No. 4. Based on the record before the court, the true cause of petitioner's detention appears to have been 8 U.S.C. § 1225(b)(1).[6]

---

[5] On July 8, 2025, ICE instructed its employees not to conduct initial custody determinations using DHS Form I-286 for noncitizens who are "present in the United States who [have] not been admitted" because "Form I-286 applies by its terms only to custody determinations under INA § 236 [8 U.S.C. § 1226(a)] and part 236 of title 8 of the code of Federal Regulations." *See Interim Guidance Regarding Detention Authority for Applicants for Admission* at https://perma.cc/5GKM-JYGX (last checked Oct. 20, 2026). Petitioner's notice to appear charges him with being present "without being admitted or paroled." ECF No. 5-1 at 7. There is no evidence in the record that petitioner was provided an initial custody determination or a Form I-286. *See* ECF No. 5. Without a Form I-286, which would notify petitioner that he has the right to a custody redetermination before an immigration judge, petitioner would not know that he was not subject to mandatory detention under section 1225(b). If ICE had in fact detained petitioner under section 1226(a), as respondent now suggests, the lack of an initial custody determination itself is a basis for habeas relief. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (holding that failure to comply with express terms of section 1226 prevents the court from concluding that the noncitizen was detained on that basis).

[6] The lack of a 2026 arrest warrant and an ICE custody redetermination form suggests that respondent may be advancing a *post hoc* rationalization spurred by the Court of Appeals' ruling that ICE may not detain noncitizens in petitioner's position under section 1225(b). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (cited by respondent at ECF No. 5 at 3); *see also Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority). Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with seven other Courts of Appeals. *See Guerrero Orellana v. Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026).

Turning to the procedural due process claim, I must first consider whether there exists a protected liberty interest under the Due Process Clause, and, second, I must evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Respondent fails to discuss the impact of petitioner's original release from immigration custody. *See* ECF No. 5. Border Patrol released petitioner into the United States in December 2021, years prior to his re-detention in September 2026. ECF No. 5-1 at 10. During those years at liberty, petitioner worked with authorization, filed taxes, and developed substantial economic and community ties. ECF No. 1 at 9-30. Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, No. 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-0379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 481-82 (1972)).

Petitioner's initial release and time out of custody have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Once a court has found that a noncitizen has a liberty interest in continued release, the court must next determine what procedural protections the government must afford the noncitizen

before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has a private interest in his continued release that developed over the years that he was at liberty in the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Turning to the second *Mathews* factor, the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner permission into the United States, the government necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

Respondent offers no evidence or argument indicating that any procedural safeguards

were employed prior to petitioner's detention; more generally, it gives the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See* ECF No. 5. Accordingly, the probable value of additional procedural safeguards is high. *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Respondent has not provided any information about the additional burden it would bear as a result of being required to provide a constitutionally adequate pre-deprivation hearing. *See* ECF No. 5 at 3.

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's detention without a pre-deprivation hearing violated his due process rights. Given this finding, the court must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent argues that it has no objection to a bond hearing, but that petitioner must meet the requirements and request one himself. ECF No. 5 at 2.

Respondent's proposed remedy is insufficient. A statutory bond hearing places the burden on petitioner to prove he is neither a flight risk or a danger. *See Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) ("An alien in a custody determination under . . . 8 U.S.C. § 1226(a), must establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger . . . ."). However, because petitioner was re-detained in violation of his liberty interest, he would be entitled to a constitutionally adequate bond hearing that places the burden of proof on the government by clear and convincing evidence.[7] *See Martinez v. Clark*, 124 F.4th 775, 780

---

[7] Moreover, respondent's re-detention of petitioner under the wrong statutory authority cannot be remedied by a delayed section 1226(a) bond hearing. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also*

(9th Cir. 2024) (procedural due process requires a bond hearing where the government bears the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases).

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

I do not find, and respondent does not argue, that there was any necessity of quick action, or that providing a pre-deprivation hearing was impractical. Petitioner has had minimal law enforcement contact: he has been fined for speeding twice, in 2022 and 2023, and ICE alleges that there is a pending misdemeanor retail theft charge against him, but no documentation or details have been provided. *See* ECF No. 5-1 at 3. Respondent states that ICE encountered petitioner after local law enforcement stopped his vehicle and provides no information regarding why it was stopped. ECF No. 5 at 2. Petitioner asserts, and respondent does not dispute, that during his years in the United States he worked, paid his taxes, and established considerable ties

---

*Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026).

with his community. Respondent has provided no reason for petitioner's re-detention without a pre-deprivation hearing.

Accordingly, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing, and the government has failed to provide a prompt post-deprivation hearing that comports with due process. *See Munaf*, 553 U.S. at 693; *see also Lopez Alonza v. Warden*, No. 1:26-cv-3059-DJC-JDP, 2026 WL 2390826, at *5 (E.D. Cal. Aug. 17, 2026), *report and recommendation adopted*, 2026 WL 2446693 (E.D. Cal. Aug. 20, 2026). Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 220-885-654) from its custody on the same conditions as prior to his detention. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve Mesa Verde Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE